IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              CRIMINAL ACTION NO. 2:19-cr-00186

SHEILA DAUN JARRETT,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

      The Court has reviewed the *Emergency Motion for Compassionate Release Under 18 U.S.C. [§] 3582(c)(1)(A)(i)* (Document 45), wherein the Defendant moves this Court for reduction of her sentence to time served or for home confinement. In support of her motion, she argues that there is a widespread presence of the coronavirus at FCI Danbury where she is incarcerated, and that she is at high risk of complications from the coronavirus due to high blood pressure and obesity. The Defendant also argues that a class action lawsuit regarding the mishandling of inmates, in view of the coronavirus outbreak at FCI Danbury, has been pending in the United States District Court for the District of Connecticut.[1]

      Pursuant to 18 U.S.C. § 3582, a Court may modify or reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons

---

1 The Court notes, however, that this case has recently settled. *See Martinez-Brooks, et al., v. Easter et al.*, 3:20-cv-569 (D. Ct. Oct. 20, 2020).

[(BOP)] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . ."  18 U.S.C. § 3582(c)(1)(A).  If such circumstances exist, the Court may modify or reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), and finding that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.* at § 3582(c)(1)(A)(i).

The Defendant has exhausted her administrative remedies with the BOP.  (Document 45 at 6.)  Accordingly, the Court considers whether the applicable § 3553(a) factors warrant release in this case.

As a result of her plea of guilty to a violation of 21 U.S.C. § 841(a)(1), the Defendant was subject to a mandatory minimum of five years and a maximum of forty years of imprisonment.  Her advisory guideline range was 92-115 months.  She was sentenced to a variant sentence of 72 months of incarceration on February 19, 2020.  The Defendant has been incarcerated since July 6, 2019.  Therefore, she has served just over one year of her imposed sentence, and she has almost five years left to serve.  To relieve the Defendant of approximately eighty percent of her imposed sentence based on these facts would constitute an unwarranted sentencing disparity among similarly situated defendants facing similar conditions of confinement.

The Court has also given consideration to the nature and circumstances of the offense, the history and characteristics of the Defendant, the need for the sentence imposed to reflect the seriousness of the offense, protect the public and provide just punishment, as well as the applicable

sentencing range, and finds that the § 3553(a) factors do not weigh in favor of the Defendant's release in this case.[2]

WHEREFORE, after careful consideration and for the reasons stated herein, the Court **ORDERS** that the *Emergency Motion for Compassionate Release Under 18 U.S.C. [§] 3582(c)(1)(A)(i)* (Document 45) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER:   October 28, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[2] Although the Court finds that compassionate release should not be granted at this time, the Court expresses no opinion as to any relief that may remain available via the BOP or through the class action settlement in the District of Connecticut.